E. E. McKinney, Assignee of Albert Halstead, Appellant, v. J. A. Baker, Respondent.

Partnership—Dissolution and Division Vests Property in Each Partner, Individually.

Where there are but two co-partners in a firm, and by agreement they dissolve the co-partnership, and divide the partnership property between them, and each assumes the payment of certain claims against the firm, in consideration thereof, and there being no imputation of fraud or bad faith in the transaction, the title to the property vests, according to the division, in each of the partners, individually, and is freed from its character as partnership property.

Assignment—Dissolves Attachment—Execution Sale on Subsequent Judgment Invalid.

An assignment for the benefit of creditors by either of the former partners, individually, would vest the title to such property in his assignee in the same manner and to the same extent as it would the title to any other individual property covered by the assignment.

Appeal from Marion county. The facts are stated in the opinion.

*Tilmon Ford and W. M. Ramsey*, for appellant.

It is competent for partners, upon a voluntary dissolution, to agree that the joint property of the partnership shall belong to one of them; and it will transfer the whole property to such partner, and like any other sale to third persons, will wholly free it from the primary claim of the joint creditors. (*Miller* v. *Estill*, 5 Ohio St., 517.)

The dissolution and assignment entered into between Rowland and Halstead were valid, and the goods became the individual property of Halstead. (*Baker's Appeal*, 21 Penn. St., 76; 32 N. Y., 65; 9 Cush., 553; 13 Gray, 114; 35 Iowa, 323.)

This being true, Halstead had a right to make the assignment to McKinney, and the assignment having been made before the judgment of Hawley, Dodd & Co. had been obtained, the attachment was dissolved. (Session Laws 1878, page 36.)

*Thayer and Williams,* for respondent.

An assignment by one of two partners to the other, of all his interest in the firm property, to be applied to the payment of the firm debts, does not dissolve the firm, and the property remains partnership property till the partnership debts are paid. (*Matter of Sheppard,* 3 Benedict, 347.)

An assignment of one partner of his share in the stock, simply transfers any interest he may have in any surplus remaining after the payment of the firm debts. He simply acquires as to the interest purchased, the right to an account, and to share to that extent in the surplus of the property of the firm after the settlement of its affairs, and the property remains liable for the firm debts. (*Menagh* v. *Whitwell,* 52 N. Y., 146, 166, 167, 168.)

Halstead would have had what was left after the payment of the partnership debts. (*Claggett* v. *Kilbourne,* 2 Black., 346; *Place* v. *Sweezler,* 16 Ohio, 142; *Sutcliff* v. *Doshman,* 18 Ohio, 181; *Miller* v. *Brigham,* 50 Cal., 615.)

The property was attached before it went out of the hands of Halstead, and while the firm creditors had a right to seize it. (*Menagh* v. *Whitwell,* 52 N. Y., 171.)

By the Court, WATSON, J.

This action was begun February 12, 1880, in the circuit court for Marion county, to recover damages for the wrongful conversion of personal property. The facts necessary to be stated are as follows:

On June 30, 1879, and for some time prior thereto, Albert Halstead and W. H. Rowland were partners engaged in merchandising at Turner, Marion county, Oregon, under the firm name of Rowland & Halstead. At that date they executed a written agreement purporting to dissolve the partnership, divide the partnership goods and effects, and imposing on each obligation to pay certain specified claims against the partnership.

Hawley, Dodd & Co. were creditors of the partnership at

that date, to the extent of fifteen hundred and thirty-two dollars; G. H. Chandler in the amount of one hundred and twenty dollars and ninety-eight cents, and T. Dittenhoefer to the extent of one hundred and ninety-five dollars and ninety-seven cents, all for goods, wares and merchandise previously sold and delivered to the partnership.

On July 7, 1879, Hawley, Dodd & Co. having previously become the owners, by purchase and assignment, of the said accounts of T. Dittenhoefer and G. H. Chandler, commenced an action against the firm of Rowland & Halstead, in said circuit court, to recover said several amounts, and attached the property in controversy in this action, and on October 24, 1879, recovered judgment in said action against Rowland & Halstead for nineteen hundred and ninety-eight dollars and ninety-six cents, and costs. Afterwards, before the commencement of this action, the goods were sold under an execution upon said judgment by the respondent, as sheriff of Marion county.

Previous to the rendition of the judgment in favor of Hawley, Dodd & Co., but on the same day, Halstead, being insolvent, made an assignment of all his property, including that in controversy, for the benefit of all his creditors, and all the creditors of the partnership, under the general assignment law of 1878, to the appellant, who duly qualified and took all needful steps to render such assignment complete and effective before such judgment was rendered. Appellant demanded possession of the goods from respondent before the sale, but was refused.

The property in controversy belonged to the firm of Rowland & Halstead, and formed part of its stock in trade, up to June 30, 1879, and was, by the agreement of that date between the partners, designated as going to Halstead.

After giving some and refusing other instructions asked by counsel for the respective parties, which we deem it not necessary to consider here, the court below directed the jury to find a verdict for respondent (all of which was duly excepted

to by appellant), which was done, and judgment rendered accordingly. From this judgment this appeal has been brought.

The first question presented here is upon the effect which the contract of June 30, 1879, had on the title to the property in dispute. Up to that date it was partnership property, and unless this agreement, accompanied by delivery of goods, converted the same into the individual ownership of Halstead, it remained partnership property, liable to the attachment and execution of Hawley, Dodd & Co., and the title did not pass to appellant by the individual assignment of Halstead.

The agreement, among other things, provides " that the co-partnership heretofore existing between the parties of the above named firm, is, by mutual consent, hereby dissolved. That all debts and liabilities of said firm, due or owing to Hawley, Dodd & Co. for goods sold to said Rowland & Halstead, and all debts due or owing to T. Dittenhoefer, G. H. Chandler and J. Stokley, for goods sold to said Rowland & Halstead, are assumed, and shall be paid by Albert Halstead, one of the parties of the above named firm of Rowland & Halstead. That the store-house used by said firm is to be retained and used by said Halstead. That the stock of hardware is to be taken by said Albert Halstead."

We have quoted only such portions of the agreement as seem to us material to a correct understanding of the points involved.

Respondent contends that this agreement is executory merely ; but we are not able to agree with him, at least so far as the foregoing stipulations are concerned. The partnership is dissolved by force of the agreement itself, that being the plainly expressed intention of the parties, as soon as it was executed; and the assumption of the payment of the debts mentioned by Halstead, and not their actual payment, was the consideration for which he received the property in dispute. This was the manifest intention of the parties, appearing from the instrument itself.

If these views are correct, the agreement shows an executed and not an executory contract, so far as it contains any provisions affecting the title to the property in dispute. But the question still remains as to what interest in the property it conveyed to Halstead.

This will depend wholly on whether we are to regard this disposition of the property of the partnership as the act of the firm, or as the act of the individual partners. That the title to the property being in the firm could only be conveyed out of it by an act of the firm, is a proposition too plain to require any elucidation. But the firm may deal with the partners in their individual capacities, and if it, without fraud, and for an adequate consideration, sells the partnership property to one of its members, it becomes his individual property just as much as though he had been a stranger.

Upon this principle the authorities hold that where there are but two members of a co-partnership, and they agree together that the partnership shall be dissolved, and that one shall have the partnership goods, he assuming to pay the partnership debts, that this is a sale by the firm, upon a sufficient consideration, and that all the title which the firm had in the property passes to the individual partner and becomes his individual property. The same rules govern such a transaction as would govern a sale by the firm to a stranger. (*Miller* v. *Estill, et al.*, 5 Ohio Stat., 517; *Baker's Appeal*, 21 Penn., 76; *Menagh* v. *Whitwell*, 52 N. Y., 159, 160 and 171.) We think this case is clearly within this principle.

This property, then, having become the individual property of Albert Halstead before it was attached by Hawley, Dodd & Co., vested in the appellant by the assignment, and the attachment was thereby dissolved, and the respondent could not rightfully detain it from the assignee, or sell it under the execution.

We have not considered all the objections to the rulings of the court below, as the one made to the ruling directing the jury to find a verdict for the defendant, notwithstanding the

evidence (as shown by the bill of exceptions), fully established the facts stated in the first part of this opinion, seems to us to raise every question necessary to be passed upon in the case.

We think this ruling was clearly erroneous, and the judgment must be reversed with costs, and the cause remanded for further proceedings in the court below, in accordance with the conclusions herein expressed.